NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2924
_____

UNITED STATES OF AMERICA

v.

OMAR SIERRE FOLK,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 1-11-cr-00292-001)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 16, 2021
_____

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*.

(Opinion Filed: January 6, 2022)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Omar Folk seeks review of the District Court's denial of his application for compassionate release,[1] pursuant to 18 U.S.C. § 3582(c)(1)(A).[2]  For the reasons set forth below, we will affirm.

## A.  Background

A jury found Folk guilty of distribution and possession with intent to distribute 280 grams or more of cocaine base, use of a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm.  Folk received a sentence of 264 months'

---

[1] In his brief before us, Folk mentions numerous issues, such as a challenge to his career offender status and the First Step Act.  All of those issues are unrelated to the application for compassionate release.  As such, none of them will be addressed in this opinion.

[2] Section 3582(c)(1)(A) provides in relevant part that

> The court may not modify a term of imprisonment once it has been imposed except that--
>   (1) in any case--
>   (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>   (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

imprisonment in 2013. This Court affirmed his judgment of conviction.

On May 14, 2020, Folk's counsel wrote to the warden of FCI Allenwood, where Folk was incarcerated, requesting compassionate release based on Folk's serious health conditions, including prior gall bladder surgery, chronic liver disease, issues with his kidneys, and prior surgery on his knee and Achilles tendon. The warden denied this request on June 1, 2020.

Folk then moved for compassionate release in the District Court,[3] asserting that Folk's medical history constituted extraordinary and compelling circumstances justifying his request. The motion noted Folk's hypertension, irritable bowel syndrome, allergic rhinitis, intermittent periods of diarrhea, major depressive disorder, anxiety disorder, reflux esophagitis, chronic inflammation of his small intestine, obesity, chronic duodenal ulcers, and ongoing pain from arthroscopic surgery on his knee as bases for relief. Additionally, the motion noted that these underlying medical conditions placed Folk at an increased risk of contracting COVID-19, thus establishing an extraordinary and compelling reason warranting his release.

The government opposed this motion, noting that while Folk's hypertension may place him at higher risk of harm from COVID-19, there was only one active case of

---

[3] Before the District Court, Folk argued that administrative exhaustion would be futile, although the government noted Folk had satisfied the procedural prerequisites for judicial review. The District Court did not comment on this question and neither party has raised it before us. We therefore will assume Folk has satisfied the exhaustion requirement of § 3582(c)(1)(A).

COVID-19 among the inmates at FCI Allenwood. The government also observed that Folk had not identified where he would reside if released, thus presenting the possibility that he would be residing in a community with a higher risk of exposure to COVID-19 than the risk he faced in FCI Allenwood. The government further argued that Folk continued to present a danger to the community, as evidenced by his criminal history, repeated parole violations, failed rehabilitation efforts, and confrontation with hospital staff during his incarceration.

Finding that Folk's health condition failed to present an extraordinary and compelling reason for compassionate release, the District Court denied Folk's motion. The District Court noted that "only his current diagnosis of hypertension is a condition that the CDC has identified as one that *might* elevate the risk of serious illness or death were [Folk] to contract COVID-19." App. 13. However, based on "the extensive medical records supplied by the Government [it appears] that Folk is being treated by his institution for his condition, although he is not always compliant with taking his medications." *Id.* In addition, the District Court stated that Folk had recently lost weight so that "his current BMI is no longer reflective of obesity." *Id.* In addition to evaluating Folk's medical conditions, the District Court examined the conditions at Folk's place of incarceration, observing that as of the date of the District Court's decision, there were "zero active inmate cases of COVID-19 at FCI-Allenwood Medium," although three staff members had COVID-19. *Id.*

4

Based on this information, the District Court concluded that it had "no objective basis to find that Folk is at imminent risk of being exposed to or contracting COVID-19 at his facility." *Id.* The District Court also found that Folk presented a continuing danger to the community and that application of the factors set forth in 18 U.S.C. § 3553(a) supported the decision to deny compassionate release.

Folk filed a notice of appeal, which, on its face, appeared to be untimely. This Court remanded "to the District Court for the limited purpose of determining whether excusable neglect or good cause exist[ed] to extend the time to file a notice of appeal" pursuant to Fed. R. App. P. 4(b)(4). Order dated April 2, 2021 (Docket Entry 7). The District Court found good cause existed to extend the time for filing the notice of appeal.

**B. Analysis[4]**

On appeal, Folk challenges the District Court's decision that he is a danger to the community, the District Court's application of the § 3553(a) factors, and the District Court's consideration of U.S.S.G. § 1B1.13. In addition, Folk asserts that his underlying medical problems, including hypertension and obesity, place him at greater risk of contracting COVID-19.[5]

---

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We . . . review a district court's decision to deny a compassionate-release motion for abuse of discretion." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

[5] As the District Court noted, Folk has lost weight and is no longer obese, as per his BMI.

The District Court did not abuse its discretion here.  As the District Court noted, the Centers for Disease Control and Prevention ("CDC") have identified hypertension as "possibly . . . mak[ing] you more likely to get severely ill from COVID-19."  [People with Certain Medical Conditions | CDC](https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions), www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions, last visited Nov. 1, 2021 at 5:17 pm.[6]

Since the District Court found no extraordinary or compelling circumstances, there was no need to address the § 3553(a) factors.  *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (noting that § 3582(c)(1)(A) requires a district court to first determine if extraordinary and compelling reasons warrant a reduction in sentence and then consider the § 3553 factors).  We therefore need not address Folks's arguments concerning him continuing to be a danger to the community, the District Court's application of the § 3553(a) factors, and the District Court's consideration of U.S.S.G. § 1B1.13.

## C.  Conclusion

For the foregoing reasons, we will affirm the District Court's order denying compassionate release.

---

[6] In addition, at the time of the District Court's decision in August 2020, there were no inmate cases of COVID-19 at Allenwood Medium.  As the District Court stated, there is no imminent risk of Folk contracting COVID-19 at his facility.